NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSE PABLO LARES-TORRES, *Appellant*.

No. 1 CA-CR 16-0222
FILED 1-12-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-000892-001
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Chief Judge Michael J. Brown joined.

---

**J O H N S E N**, Judge:

**¶1**　　　　This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Jose Pablo Lares-Torres's conviction of sexual conduct with a minor, a Class 6 undesignated offense.  Torres's counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999).  Torres was given the opportunity to file a supplemental brief, but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm Torres's conviction and the imposition of probation.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　　A detective contacted Torres in response to a report that Torres, then 21 years old, had engaged in sexual conduct with a 16-year-old female.[1]  Torres admitted to detectives that he engaged in sexual intercourse with the victim when she was 16 years old.  A jury found him guilty of sexual conduct with a minor, in violation of Arizona Revised Statutes ("A.R.S.") section 13-1405 (2017).[2]  The court suspended the sentence, and placed him on lifetime probation.

**¶3**　　　　Torres timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2017), 13-4031 (2017) and -4033 (2017).

---

[1]　　　Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Torres.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

[2]　　　Absent material revision after the date of the alleged offense, we cite a statute's current version.

**DISCUSSION**

¶4 The record reflects Torres received a fair trial. The court held appropriate pretrial hearings. It conducted a voluntariness hearing, at which one of the detectives who interviewed Torres testified. The court found Torres's statements were voluntary.

¶5 Before trial, the court granted Torres's motion in limine to preclude evidence, pursuant to Arizona Rule of Evidence 404(b) and (c), of other instances of his sexual conduct with the victim. On cross-examination of the victim, however, when Torres's counsel challenged the victim's testimony concerning the date of the charged offense, the victim responded that she and Torres had had intercourse on more than one occasion. Accordingly, the court then allowed the jury to hear Torres's admission of other instances of intercourse with the victim, finding the evidentiary value of the other-act evidence outweighed the prejudice to Torres. Torres moved for a mistrial based on the admission of the other-act evidence, but the court denied the motion. On the record presented, the court did not abuse its discretion in doing so.

¶6 Torres was present at all critical stages of trial, and was represented by counsel at all stages of the proceedings against him, with one exception. During jury selection, when defense counsel re-entered the courtroom after a break, the prospective jurors had already been seated. Defense counsel did not immediately object, but after jury selection was complete two hours later, counsel asked the court to dismiss the entire panel and to start jury selection over. The court denied the request, explaining that "absolutely nothing" was said in counsel's absence, and that counsel had ample opportunity to object earlier in the selection process but failed to do so. Again, the court did not abuse its discretion in so ruling.

¶7 The State presented direct evidence sufficient to allow the jury to convict. The jury was properly comprised of eight members. The court properly instructed the jury on the elements of the charge, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed upon polling. The court received and considered a presentence report, addressed its contents during the sentencing hearing and acted within its discretion in suspending sentence and imposing probation for the crime of which Torres was convicted.

**CONCLUSION**

**¶8** We have reviewed the entire record for reversible error and find none, and affirm the conviction, the suspension of sentence and the imposition of probation. *See Leon*, 104 Ariz. at 300.

**¶9** After the filing of this decision, defense counsel's obligations pertaining to Torres's representation in this appeal have ended. Defense counsel need do no more than inform Torres of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Torres has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Torres has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA